

# THE ATTORNEY GENERAL
## OF TEXAS

December 30, 1986

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. JM-602

Re: Whether a physician may be represented by his authorized agent in small claims court

Dear Mr. Driscoll:

You have informed us that a group of doctors has formed an unincorporated association, and they have hired an employee to manage their offices. One of the duties of the employee is to make a sworn statement as to each claim and appear in small claims court at a hearing to present the case on behalf of the individual doctor or the association. You argue that this use of the employee to appear in small claims court on behalf of the association or the individual doctor is contrary to the general rule that representation of others before a court constitutes the practice of law; and, it may only be done by attorneys licensed by the State Bar of Texas. V.T.C.S. art. 320a-1 (State Bar Act). In that regard you ask the following questions:

> 1. Whether a doctor may represent himself in small claims court?

> 2. Whether a doctor may be represented by an authorized agent in small claims court?

Section 28.003 of the Government Code which governs the jurisdiction of the small claims court provides as follows:

> (A) The small claims court has concurrent jurisdiction with the justice court in actions by any person for the recovery of money in which the amount involved, exclusive of costs, does not exceed $1,000.

> (b) An action may not be brought in small claims court by:

> > (1) an assignee of the claim or other person seeking to bring an action on an assigned claim;

> (2) a person primarily or secondarily engaged in the business of lending money at interest; or
>
> (3) a collection agency or collection agent.
>
> (c) <u>A person may be represented by an attorney in small claims court</u>.
>
> (d) This section does not prevent a legal heir from bringing an action on a claim or account otherwise within the jurisdiction of the court. (Emphasis added).

In response to your first question, a doctor is authorized under subsection (c) to represent himself in small claims court. The legislature's use of the term "may" in subsection (c) implies that the use of an attorney in small claims court is not mandatory; and, therefore an individual may also represent himself. Also relevant to these issues is subsection (a) of section 28.012 of the Government Code which provides:

> To institute an action in small claims court, <u>the claimant or a personal representative of the claimant</u> must appear before the judge and file a statement of the claim under oath. (Emphasis added).

Consequently, we believe that the implications to be drawn from subsection (c) of section 28.003 and subsection (a) of section 28.012 mean that a non-lawyer may represent himself in small claims court.

Prior to 1985, the law governing small claims court was codified in article 2460a, V.T.C.S., which is now codified in sections 28.003 and 28.002 of the Government Code as quoted above. <u>See</u> Acts 1985, 69th Leg., ch. 480, §26(1), at 4085, eff. Sept. 1, 1985. The Government Code was enacted as a part of the state's continuing statutory revision program in which the legislature did not contemplate any substantive change. <u>See</u> Gov't. Code §1.001. Therefore, former article 2460a, section 2, and the above quoted provisions of the Government Code explicitly provide that all persons, firms, partnerships, associations or corporations engaged, either primarily or secondarily, in the business of lending money at interest, assignees of actions, and collection agencies and agents are precluded from maintaining actions on behalf of their clients in small claims courts.

The purpose for the small claims court was to provide a forum to place justice within the reach of litigants, who were previously

denied such relief because litigation expense and delay overshadowed their small claims. See generally Kosmin, Leslie G., The Small Claims Dilemma, 13 Hous. L. Rev. 934 (1976); see also Note, The Small Claims Court, 1 S. Tex. L. J. 80 (1954). Its purpose was not to provide a forum whereby collection agents and agencies could circumvent the requirement of the State Bar.

The brief facts you have submitted suggest that the employee may be acting as a collection agent for the individual doctors or the unincorporated association. It is clear that the only non-licensed individual who may represent another individual in small claims court is a "personal representative" of a claimant. See Gov't. Code §28.012(a). For the reasons discussed below, we believe that the employee may represent an association in small claims court so long as the employee is not employed merely as a "collection agent."

We are unable to find any judicial decision which considers the question of whether an unincorporated association may be represented by a non-lawyer employee in small claims court. However, the purpose of the small claims court and the policy which justify the representation of corporations by laymen in small claims court are applicable to unincorporated associations. Attorney General Opinions H-538 (1975); C-82 (1963). The Texas Constitution authorizes the legislature to establish inferior courts, such as the small claims court, and "prescribe the jurisdiction and organization thereof." Tex. Const. art. V, §11; Harris County v. Stewart, 41 S.W. 650 (Tex. 1897); See also Note, Texas Courts of Exceptional Jurisdiction and Organization - Constitutionality - Small Claims Courts, 9 Tex. L. Rev. 388 (1930). On the other hand, the legislature has enacted section 10(a) of article 320a-1, V.T.C.S., the State Bar Act, which prohibits "[a]ll persons not members of the State Bar . . . from practicing law. . . ." V.T.C.S. art. 320a-1, §10(a). Although there appears to be an apparent conflict between allowing the non-lawyer employee to represent an association in small claims court and the State Bar Act, we believe that the purpose of the small claims court and the policy which justify the representation of corporations by laymen justifies this exception to the State Bar Act.

The legislature intended the small claims court to be a "laymen's" court; Kosmin, Leslie G., The Small Claims Dilemma, 13 Hous. L. Rev. 934 (1976). It is to function as a tribunal wherein the judge has the duty to develop the case. Gov't. Code §28.034. The hearings are informal and its sole objective is to "dispense speedy justice between the parties." Gov't. Code §28.033(d). This office has previously held that these are legitimate reasons to allow a corporation to be represented by a non-lawyer employee in these proceedings. Attorney General Opinions H-538 (1975); C-82 (1963). Although the rule is different when it comes to allowing individuals to represent other individuals in the court, a corporation and an association are essentially different from a natural person. A natural person can act

and appear for himself, but a corporation and an association must always act through its agents or representatives. Accordingly, we believe that because of the nature of the small claims court, the legislature intended to allow an employee of an unincorporated association of doctors to appear in small claims court on behalf of the association, so long as the employee is not employed solely as a collection agent. An employee of an unincorporated association may not appear on behalf of an individual doctor.

S U M M A R Y

Subsection (c) of section 28.003 of the Government Code authorizes a doctor to represent himself in small claims court. The provision also authorizes an employee of an unincorporated association to represent the association in the small claims court so long as the employee is not employed as a collection agent. However, the non-lawyer employee of the unincorporated association is not authorized to represent the individual doctor, who is a member of an association, in small claims court.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General